

FILED BY _____ D.C.

OCT 3 1 2014

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## 14-CV-81339-Marra/Matthewman

### United States District Court

### Southern District Florida

| | |
|---|---|
| JOSEPH DEYOUNKS, | Case No.: |
| Plaintiff, | |
| vs. | VERIFIED COMPLAINT FOR DAMAGES FOR: |
| DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE NOVASTAR MORTGAGE FUNDING TRUST, CERTIFICATEHOLDERS SERIES 2006-5 NOVASTAR HOME EQUITY LOAN ASSET-BACKED CERTIFICATES, SERIES 2006-5, OCWEN LOAN SERVICING, LLC, DUMAS & MCPHAIL, L.L.C., SHAPIRO, FISHMAN & GACHÉ, LLP, MERSCORP HOLDINGS, INC. also known as MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AVENYA MORTGAGE, AVENYA, INC., JOSEPH MICHAEL FITZGERALD aka MIKE FITZGERALD and Does 1-10, inclusive, | 1) Violation of Fair Debt Collection Practices Act<br>2) Cancellation of Void Instruments used in Violation of the Fair Debt Collection Practices Act<br><br>**<u>JURY TRIAL DEMANDED</u>** |
| Defendants. | |

JOSEPH DEYOUNKS, "DEYOUNKS," waiving all claims and benefits under the 14th Amendment, in equity, as a reversionary, equitable and possessory interest holder, consumer and owner of the subject property herein, makes this statement of claim and statement upon which relief can be granted Complaint against Defendants as follows:

*Jurisdiction*

*Subject Matter*

1.      This is an action for damages proximately caused by Defendants' activity in violation of the Fair Debt Collection Practices Act, "FDCPA," the Fair Credit Reporting Act, and this Court has jurisdiction over the subject matter and the parties pursuant to the FDCPA (or any part thereof which encompasses all relevant parts and subparts thereto) and 28 U.S.C. § 1331 and 1337.

2.      The action is exempt from amount in controversy jurisdictional limitations under 15 U.S.C. §1692(k).

3.      This Court has supplemental jurisdiction over Plaintiff's state-based and common law claims pursuant to 28 U.S.C § 1367.

*Venue*

4.      Venue is proper in this Court as the subject property affected by the wrongful conduct of Defendants is located in Palm Beach County, Florida's Southern District.

5.      Venue is proper in this Court as Defendant DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE NOVASTAR MORTGAGE FUNDING TRUST, SERIES 2006-5 NOVASTAR HOME EQUITY LOAN ASSET-BACKED CERTIFICATES, SERIES 2006-5, "DBNTC," CERTIFICATE HOLDERS NOVASTAR MORTGAGE, INC., "NS," OCWEN LOAN SERVICING, LLC's, "OLS," DUMAS & MCPHAIL, L.L.C., "D&M," DEFENDANT SHAPIRO FISHMAN & GACHÉ LLC, "SFG," MERSCORP HOLDINGS, INC., "MHI," AVENYA, INC., "AVENYNA," JOSEPH MICHAEL FITZGERALD aka MIKE FITZGERALD, "FITZGERALD," and FLOYD L TAYLOR, "TAYLOR" engaged in activity and conduct which constitute patterns and practices of debt collection action and deceptive communications with JOSEPH DEYOUNKS to collect debt that was extinguished.

6.      Defendants used deceptive practices and engaged in patterns of conduct which misled and misrepresented that a debt was owed and an originator of the debt existed.

7.      The true facts are that the originator in the instruments used by the Defendants to claim the debt did not exist.

8.      The Defendants replaced the entity named in the instruments used to collect the debt with an entity without contract or relationship to DEYOUNKS.

9.      The party identified by Defendants as the holder of the alleged debt is reported in the official records of the United States SEC to have received distributions in full satisfaction of any alleged debt.

10.      The Complaint is based upon the violations of violation of debt collection law which include the unauthorized foreclosure, false publication of obligation, falsification of records, and illegal debt collection by the debt collector Defendants, in the STATE of FLORIDA, County of PALM BEACH, in the Southern District of Florida judicial DISTRICT during the periods as alleged.

11.      Pursuant to 28 U.S.C. § 1391, venue is proper in the Southern district of this Court.

*Personal*

12.      For the limited purposes of this action, DEYOUNKS is a 15 U.S.C. §1692a(3) defined consumer, upon information alleges:

13.      Defendant DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE NOVASTAR MORTGAGE FUNDING TRUST, SERIES 2006-5 NOVASTAR HOME EQUITY LOAN ASSET-BACKED CERTIFICATES, SERIES 2006-5, "DBNTC," is a business entity debt collection trustee for the securitization trust, NOVASTAR MORTGAGE FUNDING TRUST, SERIES 2006-5 NOVASTAR HOME EQUITY LOAN ASSET-BACKED CERTIFICATES, SERIES 2006-5, and by terms of the trust is governed, among other laws, by New York Trust law.

14.      DEYOUNKS did not have a contract with Defendant DBNTC.

15.     DBNTC engaged in activities and deceptive practices in connection with the collection of alleged debt against JOSEPH DEYOUNKS, and operated as a public foreign debt collector in Florida, without bond or license, in violation of 15 U.S.C. §1692a(6).

16.     Defendant CERTIFICATED HOLDERS NOVASTAR MORTGAGE, INC., "NS," are the parties named as entitled to collect the debt for which the debt collection activity was initiated as complained of by DEYOUNKS.

17.     DEYOUNKS did not have a contract with Defendant NS.

18.     DEYOUNKS' monetary and commercial instruments were contracted into investments with Defendants DBNTC and NS without DEYOUNKS' knowledge.

19.     Defendant NS received distributions to satisfy the alleged debt as reported with the Securities and Exchange Commission, "SEC," by Novastar Mortgage Funding Corporation Exact, 8140 Ward Parkway, Suite 300 Kansas City, Missouri 64114, for the NovaStar Mortgage Funding Trust, Series 2006-5 NovaStar Home Equity Loan Asset-Backed Certificates, Series 2006-5, in the filed Form 15 Certification and Notice of Termination of Registration under Section 12(g) of the Securities Exchange Act of 1934 or Suspension of Duty to File Reports Under Sections 13 and 15(d) of the Securities Exchange Act of 1934.

20.     Defendant NS was insured and the terms of the Trust as regulated by the United States SEC. required that the debt claimed by Defendant NS, never be allowed to default.

21.     The debt was not in default.

22.     The debt was satisfied by DEYOUNKS, and by the terms of the servicing and insuring contracts for the debt

23.     NS directly, or authorized debt collector Defendants named herein, engaged in deceptive practices in connection with the collection of alleged debt against DEYOUNKS, operating as a foreign public debt collector in Florida, without bond or license, in violation of 15 U.S.C.  §1692a(6).

24.     Defendant OCWEN LOAN SERVICES, LLC, "OLS," is a mortgage loan servicer and debt collector engaged in deceptive activities and practices in connection with the collection of alleged debt against JOSEPH DEYOUNKS, and operating as a public debt collector in Florida, without bond or license, in violation of 15 U.S.C. §1692a(6).

25.     DEYOUNKS did not have a contract with Defendant OLS.

26.     Defendant DUMAS & MCPHAIL, L.L.C., "D&M," is a mortgage loan servicer and debt collector, engaged in deceptive activities and practices in connection with the collection of alleged debt against DEYOUNKS, and operating as a public debt collector in Florida, without bond or license, in violation of 15 U.S.C. §1692a(6).

27.     Defendant D&M is a reported unregistered law corporation, engaged in deceptive activities and practices in connection with the collection of alleged debt against DEYOUNKS, and operating as a public debt collector in Florida, without bond or license, in violation of 15 U.S.C. §1692a(6).

28.     DEYOUNKS did not have a contract with Defendant D&M.

29.     Defendant SHAPIRO, FISHMAN & GACHÉ, LLP, "SFG," is a mortgage loan servicer and debt collector, made unauthorized, misleading and deceptive representations of status and standing regarding monetary instruments issued DEYOUNKS, in the name of AVENA MORTGAGE and AVENYA, INC., in Florida, engaging in deceptive and misleading activities and practices in connection with the collection of a debt, in violation of 15 U.S.C. §1692a(6).

30.     DEYOUNKS did not have a contract with Defendant SHAPIRO, FISHMAN & GACHÉ, LLP

31.     Defendant SFG is an unregistered law corporation, engaged in deceptive activities and practices in connection with the collection of alleged debt against JOSEPH DEYOUNKS, and operating as a public debt collector in Florida, without bond or license, in violation of 15 U.S.C. §1692a(6).

32.     Defendant MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., 2990193, also known as MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., 2543543, is traceable to the entity MERSCORP HOLDINGS, INC., "MHI," 5034916, also known as MERSCORP HOLDINGS, INC., 2915165, is a foreign Delaware corporation engaged in interstate deceptive activities and practices in connection with the collection of alleged debt against DEYOUNKS in Florida in violation of 15 U.S.C. §1692a(6).

33.     Defendant MHI misrepresented itself as lender and holder of alleged debt and security for alleged debt against DEYOUNKS.

34.     DEYOUNKS did not have a contract with MHI.

35.     Defendant MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., FEI Number 54-1927784, is neither registered nor authorized to transact business in Florida in any capacity.

36.     Defendant MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., FEI Number 54-1927784 filed with the Florida Department of State Division of Corporations the limited filing of Designation of Registered Agent and Registered Office for Alien Business Organization or Foreign Corporation as Reference No. Q01000000073.

37.     Defendant AVENYA, MORTGAGE, is a Florida corporation, Registration Number GD4294900001, owned by AVENYA, INC. a Florida corporation, Registration Number P04000144077, FEI Number 20-1777851, engaged in deceptive and misleading activities practices in connection with the collection of alleged debt against DEYOUNKS.

38.     DEYOUNKS did not have a contract with AVENYA, MORTGAGE.

39.     Both AVENYA MORTGAGE and AVENYA, INC. misrepresented status and standing as a party to negotiated and deposited monetary instruments issued by JOSEPH DEYOUNKS.

40.     AVENYA, INC. operates as debt collector against DEYOUNKS in Florida in violation of 15 U.S.C. §1692a(6).

41.     DEYOUNKS did not have a contract with AVENYA, INC.

42.     Defendant JOSEPH MICHAEL FITZGERALD aka MIKE FITZGERALD, made unauthorized, misleading and deceptive representations of status and standing regarding monetary instruments issued by JOSEPH DEYOUNKS, in the JOSEPH DEYOUNKS of AVENA MORTGAGE and AVENYA, INC., in Florida, engaging in deceptive and misleading activities and practices in connection with the collection of a debt, in violation of 15 U.S.C. §1692a(6).

43.     DEYOUNKS did not have a contract with FITZGERALD.

44.     Defendant FLOYD L TAYLOR made unauthorized, misleading and deceptive representations of status and standing regarding monetary instruments issued by DEYOUNKS, in the DEYOUNKS of AVENA MORTGAGE and AVENYA, INC., in Florida, engaging in deceptive and misleading activities and practices in connection with the collection of a debt, in violation of 15 U.S.C. §1692a(6).

45.     DEYOUNKS did not have a contract with TAYLOR.

*Fact Summary*

46.     For the purposes of this action, DEYOUNKS is a consumer protected under the Consumer Protection Laws provision of the Prospectus   —   Rule 424(b)(5), the so-called "*holder-in-due-course*" rule of the Federal Trade Commission, which operates to defeat the ability of the transferor of a consumer credit contract, Defendant AVEYNA MORTGAGE, to transfer the contract free of notice of claims by DEYOUNKS.

47.     DEYOUNKS gave notice of claims for the debt collection activity since 2010 to all debt collectors claiming to represent AVENYA MORTGAGE, AVENYA INC, and NS

48.     DEYOUNKS gave notice of intent to sue, within the required time period, prior to filing this complaint.

49.     DEYOUNKS is entitled to assert against Defendants, all claims and defenses assertable against the sponsor, including set off and protections under federal and state consumer protection laws, requirements applicable to the origination of the contracts, including the Truth in Lending Act, the Federal Trade Commission Act, the Fair Credit Billing Act, the Fair Credit Reporting Act, the Equal Credit Opportunity Act, the Fair Debt Collection Practices Act and the Uniform Consumer Credit Code and hereby reserves this right, including the right to amend to allege additional claims as facts are discovered.

50.     The failure of Defendants and each of them, to comply with provisions of applicable law rendered the consumer credit contract unenforceable.

51.     On September 14, 2006, DEYOUNKS issued commercial monetary financial instruments, "Instruments," not prepared by JOSEPH DEYOUNKS, to AVENA MORTGAGE, for treasury credit access in exchange for the use of the instruments issued.

52.     DEYOUNKS was not informed that Defendant AVENYNA, INC., a stranger, would be unilaterally inserted into the instruments without DEYOUNKS' knowledge or consent.

53.     The brokered access to DEYOUNKS' consumer credit was identified as loan consideration "*which [JOSEPH DEYOUNKS] has already received,*" and defined in the security [Mortgage] for the credit access, as "*the debt evidenced by the [JOSEPH DEYOUNKS] Note.*"

54.     The Note, evidence of alleged debt, was not the loan.

55.     The mortgage, to secure the alleged debt, evidenced by the Note, was not the loan.

56.     AVENA MORTGAGE did not exist at any time nor was authorized to do business in Florida on September 14, 2006, as represented in the monetary instruments prepared and presented to DEYOUNKS.

57.     DEYOUNKS did not receive a loan of money from AVENA MORTGAGE before, on or after September 14, 2006.

58.     DEYOUNKS has no contract with Defendant AVENYA MORTGAGE.

59.     DEYOUNKS did not issue Instruments to Defendant AVENYA, INC.

60.     During the period from September 14, 2006 to the date of the filing of this Complaint, DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE NOVASTAR MORTGAGE FUNDING TRUST, SERIES 2006-5 NOVASTAR HOME EQUITY LOAN ASSET-BACKED CERTIFICATES, SERIES 2006-5, OCWEN LOAN SERVICING, LLC, DUMAS & MCPHAIL, L.L.C., MERSCORP HOLDINGS, INC. also known as MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AVENYA MORTGAGE, AVENYA, INC., JOSEPH MICHAEL FITZGERALD aka MIKE FITZGERALD, and Does 1-10, inclusive, unilaterally and without authority, misrepresented writings against DEYOUNKS to support the deceptive, unfair debt collection activity as follows:

a.     AVENA MORTGAGE, a Corporation, September 14, 2006 $160,000.00 ADJUSTABLE RATE NOTE identified in the DEYOUNKS Note Instrument as Account No. 06-B27468;

b.     AVENA MORTGAGE, a Corporation, September 14, 2006 $160,000.00 ADJUSTABLE RATE NOTE identified with credit reporting agencies by NOVASTAR MORTAGE, as Account No. 361000267*;

c.     AVENA MORTGAGE, a Corporation, September 14, 2006 $160,000.00 ADJUSTABLE RATE NOTE identified with credit reporting agencies by SAXON MORTGAGE SERVICES INC., as Account No. 2000397809;

      d.     AVENA MORTGAGE, a Corporation, September 14, 2006 $160,000.00 ADJUSTABLE RATE NOTE identified with credit reporting agencies by OCWEN LOAN SERVICING LLC as Account No. 71970792;

      e.     AVENA MORTGAGE, a Corporation, September 14, 2006 $160,000.00 ADJUSTABLE RATE NOTE identified by foreign debt collector DUMAS & MCPHAIL LLC as Account No. 24079; and

      f.     AVENA MORTGAGE, a Corporation, September 14, 2006 $160,000.00 ADJUSTABLE RATE NOTE identified by debt collector SHAPIRO FISHMAN & GACHÉ LLC as Account No. 13-256043 EV01 BFB.

61.    DEYOUNKS tendered the debt alleged by Defendant DBNTC, based upon the claimed obligation to Defendant AVENYA MORTGAGE and AVENYA, INC., by remittance to Defendant OLS.

62.    Defendant MHI, as nominee for the non-existent *AVENA MORTGAGE*, make a false assignment of DEYOUNKS' Instruments to Defendant DBNTC on July 20, 2010, nearly four years after the transfer cut-off date of September 01, 2006.

63.    Defendant MHI, as nominee for the non-existent *AVENA MORTGAGE* did not indorse the Note Instrument to Defendant DBNTC concurrent with the false assignment of the security Instrument.

64.    At the time of the false assignment by Defendant MHI, as nominee for the non-existent *AVENA MORTGAGE*, the Note Instrument was alleged to be in default.

65.    Defendant MHI has engaged in the deceptive practice of multi-state and Federal agency entity filings creating an illusory status, existence and right to conduct business and collect debt in Florida.

66.    At the time of the purported assignment Defendant MHI, in the DEYOUNKS of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., did not conduct business from the address identified with Christina Carter, MHI's Vice President.

67.    At the time of the purported assignment, Defendant MHI in the DEYOUNKS of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., stated an address for conducting business of 3300 SW 34 Avenue, Suite 101, Ocala, FL 34474.

68.    At the time of the purported assignment Defendant MHI in the DEYOUNKS of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., was unauthorized to transact business at any address in Florida, including 3300 SW 34 Avenue, Suite 101, Ocala, FL 34474.

69.    At the time of the purported assignment, the address identified in the notarial acknowledgement, 1661 Worthington Road Suite 100, West Palm Beach, Florida 33409, for Christina Carter, Defendant MHI's Vice President, was the principal registered business address of Defendant OLS.

70.    At the time of the purported assignment there was no registered entity in Florida in the DEYOUNKS of AVENA MORTGAGE.

71.    DEYOUNKS Note Instrument was obtained outside of the chain of custody and indorsement.

72.    On or after September 14, 2006, DEYOUNKS Note Instrument was altered by a fabricated allonge and false indorsements, with the participation of Defendant D&M.

73.    Required notice was not given to DEYOUNKS of transfer of the Note Instrument by Defendant DBNTC, acting through Defendant D&M, that Defendant OLS, by transfer of right, was entitled to collect the alleged debt.

74.    Defendant OLS, on behalf of itself and Defendant DBNTC, mailed letters to DEYOUNKS demanding that money be paid to Defendant OLS.

75.    DEYOUNKS, having no notice of transfer to Defendant OLS, as agent for Defendant DBNTC, requested validation of the debt.

76.    DEYOUNKS requested Defendant OLS cease and desist all collection efforts, including foreclosure, until the alleged debt originating from the non-existent AVENA MORTGAGE was validated.

77.    Neither Defendant OLS nor Defendant DBNTC, by Defendant D&M and Defendant SFG, validated alleged debt owed to AVENA MORTGAGE by DEYOUNKS to the date of the filing of this Complaint.

78.    Neither Defendant OLS nor Defendant DBNTC, by Defendant D&M and Defendant SFG, can validate any debt against DEYOUNKS owed to AVENA MORTGAGE.

79.    Neither Defendant OLS nor Defendant DBNTC, by Defendant D&M and Defendant SFG, can validate any debt against DEYOUNKS owed to Defendant AVENYA MORTGAGE.

80.    Neither Defendant OLS nor Defendant DBNTC, by Defendant D&M and Defendant SFG can validate any debt against DEYOUNKS originating from the non-existent AVENYA, INC.

81.    Defendant DBNTC, by Defendant D&M and Defendant SFG admitted its status as debt collector in its Complaint for foreclosure against DEYOUNKS, alleging default of January 1, 2009, and assignment of Note and security Instruments on July 20, 2010.

82.    Defendant DBNTC, by Defendant D&M and Defendant SFG, without authority, filed and prosecuted a foreclosure action, as a debt collector, to eviction, against DEYOUNKS in Florida state court on October 08, 2010.

83.    Notwithstanding the patent defect in the chain of assignment of the Note Instrument and security Instrument, foreclosure was granted to Defendant DBNTC, and the property was sold to the Defendant DBNTC by order of the 15th Judicial Circuit Court of Florida for Palm Beach County.

84.    The debt collection action resulted in DEYOUNKS' eviction by order directing the clerk to issue alias writ of possession, signed by 15th Circuit Court Judge DIANA LEWIS on July 15, 2014.

85.    Defendant DBNTC, Defendant D&M and Defendant SFG are admitted debt collectors without standing under Florida law, as creditors.

86.    Defendant DBNTC, by Defendant D&M and Defendant SFG, are admitted debt collectors and not holders of the DEYOUNKS Note Instrument, or security Instrument, purportedly transferred from non-existent AVENA MORTGAGE, identified in both instruments.

87.    Defendant JOSEPH MICHAEL FITZGERALD, "Fitzgerald," Defendant AVENYA, INC. and Defendant D&M prepared or caused to be prepared, a handwritten undated allonge, with errors and unauthenticated delineations to DEYOUNKS Note Instrument, containing the false and misleading representations that:

      a.    The allonge was completed contemporaneously to the execution of the DEYOUNKS Note;

      b.    The allonge was completed prior to the indorsement appearing beneath the signature lines on the DEYOUNKS Note from NovaStar Mortgage, Inc., a Virginia Corporation;

      c.    AVENYA, INC. was a party to the DEYOUNKS Note;

      d.    AVENYA, INC. had interest in the DEYOUNKS Note to assign;

      e.    "Mike Fitzgerald" is a different person from "Joseph Michael Fitzgerald," President of AVENYA, INC.;

      f.    AVENYA, INC. was authorized to indorse the DEYOUNKS Note to NovaStar Mortgage, Inc.;

88.    The debt collection firms, Defendant D&M and Defendant SFG, reported to be operating without a bond, in filing foreclosure in the DEYOUNKS of Defendant DBNTC, a debt collector, to collect debt alleged as transferred by non-existent

AVENA MORTGAGE, constitutes a "*false, deceptive or misleading representation or means*" in connection with the collection of a debt, in violation of the Federal Fair Debt Collection Procedures Act, 15 U.S.C. Sec. 1692e, creating a fraudulent financial gain.

89.     The Defendant D&M and Defendant SFG have independent obligations to the Courts in Florida, and to DEYOUNKS, a member of the public, not to engage in such misconduct.

90.     Defendant D&M and Defendant SFG, debt collectors, served as the vehicle through which Defendant DBNTC perpetrated its deceptive and unauthorized conduct.

91.     All of the defendants are "debt collectors" as defined in 15 U.S.C. 1692e, in that they regularly use instrumentalities of interstate commerce, and the mails, in attempting to collect, directly, or indirectly, debts owed or due or asserted to be owed or due to another, namely the certificate-holders under the securitization trust pursuant to trust agreements.

92.     Upon information and belief, the defendant law firms regularly represented Defendant DBNTC, Defendant D&M and Defendant SFG, in suits against the public, potential class member, to collect on notes and foreclose on mortgages as debt collectors.

93.     In foreclosing on DEYOUNKS' home, the Defendants made false, deceptive and misleading representations that Defendant DBNTC was a creditor holding and entitled to enforce the Note with standing to sue DEYOUNKS.

94.     In foreclosing on DEYOUNKS' home, the Defendants:

a.     falsely represented the alleged debt, in particular, that there was an existing obligation in favor of AVENA MORTGAGE from DEYOUNKS and that AVENA MORTGAGE transferred the obligation to Defendant DBNTC, Defendant D&M and Defendant SFG;

b. falsely represented and implied that debt was originally owed to Defendant DBNTC as an innocent purchaser for value;

c. falsely represented and implied that original transfer took place on or before the closing date in the agreement governing Defendant DBNTC as securitization trustee;

d. falsely represented the chain of assignment;

e. threatened to engage in collection activities by foreclosure suit against DEYOUNKS that cannot legally be taken; and

f. obtaining access to Florida state and federal courts to collect on the Note Instrument and debt collect by foreclosing on the security Instrument under false pretenses, that Defendants were duly authorized to engage in such debt collection activities and practices, as trustee in Florida.

g. created for Defendants a fraudulent financial gain

95. Defendants have violated the FDCPA by knowingly filing the complaint against DEYOUNKS alleging Defendant DBNTC's ownership of the Note Instrument from AVENA MORTGAGE, and security Instrument from Defendant MHI.

96. DEYOUNKS actually, has "joint interest" in the foreclosed properties, including a reversionary interest and interest in property no transferred in the security Instrument, and in the funds created upon the liquidation of the defendant's interest.

97. DEYOUNKS also has right to cause Defendant to divest its interest in the foreclosed Property, including recoupment of charges and rent rolls which Defendants have illegally collected and are attempting to collect against DEYOUNKS' equity.

*DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE NOVASTAR*

*MORTGAGE FUNDING TRUST, SERIES 2006-5 NOVASTAR HOME EQUITY*

*LOAN ASSET-BACKED CERTIFICATES, SERIES 2006-5 and*

*DUMAS & MCPHAIL LLC*

98.    Defendant DBNTC, Defendant D& M and Defendant SFG, debt collectors, failed to give notice of its status as debt collector in connection with the collection of a debt in violation of the 15 U.S.C. 1692e and 15 U.S.C. 1692g.

99.    Defendant DBNTC, a debt collector, refused to validate the alleged debt upon request in violation of 15 U.S.C. 1692e and 15 U.S.C. 1692g.

100.    Defendant DBNTC filing of a false claim of unpaid debt assigned by non-existent AVENA MORTGAGE is false, deceptive and misleading representations and means in connection with the collection of a debt in violation of 15 U.S.C. 1692d and 15 U.S.C. 1692e.

101.    Defendant DBNTC misrepresentations of itself as holder of the DEYOUNKS Note and security Instruments is false, deceptive and misleading representations and means in violation of 15 U.S.C. 1692d and 15 U.S.C. 1692e.

102.    Defendant DBNTC presented falsified copies of DEYOUNKS' Note and security Instruments in the public land records and in the Florida and federal courts is false, deceptive and misleading representation and means in connection with the collection of a debt in violation of 15 U.S.C. 1692d.

103.    Defendant DBNTC's false representation of beneficial interest in the Note and DOT from MERS is a false, deceptive and misleading representation and means in connection with the collection of an alleged debt in violation of 15 U.S.C. 1692e.

104.    Defendant DBNTC's false representation of beneficial interest in the Note and DOT from MERS is an unfair and unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. 1692f.

105.    Defendant DBNTC's false representation of ownership of transferred beneficial interest in DEYOUNKS Note and security Instruments constitutes engaging in conduct the natural consequence of which harassed, oppressed and abused DEYOUNKS in connection with the collection of a debt in violation of 15 U.S.C. 1692d.

106.   Defendant DBNTC's false representation of ownership of transferred beneficial interest in DEYOUNKS Note and security Instruments from Defendant MHI is an unfair and unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. 1692f.

107.   Defendant DBNTC's admission that interest in DEYOUNKS' Note and security Instruments did not occur for nearly four years after the cut-off date demonstrates that Defendant DBNTC engaged in conduct the natural consequence of which harassed, oppressed and abused DEYOUNKS in connection with the collection of a debt in violation of 15 U.S.C. 1692d.

108.   Defendant DBNTC's refusal to apply the tender received to extinguish debt alleged demonstrates that Defendant DBNTC engaged in conduct the natural consequence of which harassed, oppressed and abused DEYOUNKS in connection with the collection of a debt in violation of 15 U.S.C. 1692d.

109.   Defendant DBNTC's refusal to apply the tender received to extinguish debt alleged demonstrates that Defendant DBNTC used false, deceptive and misleading representation and means in connection with the collection of an alleged debt in violation of 15 U.S.C. 1692e.

110.   Defendant DBNTC's refusal to apply the tender received to extinguish debt alleged demonstrates that Defendant DBNTC used unfair and unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. 1692f.

111.   Defendant DBNTC's refusal to apply the tender received to extinguish debt alleged constitutes a failure to validate the debt in violation of 15 U.S.C. 1692g.

112.   Defendant DBNTC's filing of the altered copy of DEYOUNKS' Note Instrument in Florida state court foreclosure action constitutes engaging in conduct the natural consequence of which harassed, oppressed and abused DEYOUNKS in connection with the collection of a debt in violation of 15 U.S.C. 1692d.

113.   Defendant DBNTC's filing of the altered copy of DEYOUNKS' Note Instrument in Florida state court foreclosure action is a false, deceptive and misleading

representation and means in connection with the collection of an alleged debt in violation of 15 U.S.C. 1692e.

114.    Defendant DBNTC's filing of the altered copy of DEYOUNKS' Note Instrument in Florida state court foreclosure action constitutes an unfair and unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. 1692f.

## OCWEN LOAN SERVICING, LLC

115.    Defendant OLS, a debt collector, misrepresented itself and failed to give notice of its status as debt collector, represented itself as a creditor, in connection with the collection of a debt in violation of the 15 U.S.C. 1692e and 15 U.S.C. 1692g.

116.    Defendant OLS, a debt collector, refused to validate the alleged debt upon request in violation of 15 U.S.C. 1692e and 15 U.S.C. 1692g.

117.    Defendant OLS participated in the filing of a false claim of unpaid debt assigned by non-existent AVENA MORTGAGE is false, deceptive and misleading representations and means in connection with the collection of a debt in violation of 15 U.S.C. 1692d and 15 U.S.C. 1692e.

118.    Defendant OLS misrepresentations of itself as holder of the DEYOUNKS Note and security Instruments is false, deceptive and misleading representations and means in violation of 15 U.S.C. 1692d and 15 U.S.C. 1692e.

119.    Defendant OLS participated in the presentation of falsified copies of DEYOUNKS' Note and security Instruments in the public land records and in the Florida and federal courts is false, deceptive and misleading representation and means in connection with the collection of a debt in violation of 15 U.S.C. 1692d.

120.    Defendant OLS's false representation of beneficial interest in DEYOUNKS' Note and security Instruments from Defendant MHI is a false, deceptive and misleading representation and means in connection with the collection of an alleged debt in violation of 15 U.S.C. 1692e.

121.   Defendant OLS's false representation of beneficial interest in DEYOUNKS' Note and security Instruments from Defendant MHI is an unfair and unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. 1692f.

122.   Defendant OLS's false representation of ownership of transferred beneficial interest in DEYOUNKS Note and security Instruments constitutes engaging in conduct the natural consequence of which harassed, oppressed and abused DEYOUNKS in connection with the collection of a debt in violation of 15 U.S.C. 1692d.

123.   Defendant MHI and Defendant DBNTC's admission that interest in DEYOUNKS' Note and security Instruments did not occur for nearly four years after the cut-off date demonstrates that Defendant OLS engaged in conduct the natural consequence of which harassed, oppressed and abused DEYOUNKS in connection with the collection of a debt in violation of 15 U.S.C. 1692d.

124.   Defendant OLS's refusal to apply the tender received to extinguish debt alleged demonstrates that Defendant OLS engaged in conduct the natural consequence of which harassed, oppressed and abused DEYOUNKS in connection with the collection of a debt in violation of 15 U.S.C. 1692d.

125.   Defendant OLS's refusal to apply the tender received to extinguish debt alleged demonstrates that Defendant OLS used false, deceptive and misleading representation and means in connection with the collection of an alleged debt in violation of 15 U.S.C. 1692e.

126.   Defendant OLS's refusal to apply the tender received to extinguish debt alleged demonstrates that Defendant OLS used unfair and unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. 1692f.

127.   Defendant OLS's refusal to apply the tender received to extinguish debt alleged constitutes a failure to validate the debt in violation of 15 U.S.C. 1692g.

128.   Defendant OLS's participation in the filing of the altered copy of DEYOUNKS' Note Instrument in Florida state court foreclosure action constitutes engaging in conduct the natural consequence of which harassed, oppressed and abused DEYOUNKS in connection with the collection of a debt in violation of 15 U.S.C. 1692d.

129.   Defendant OLS's participation in the filing of the altered copy of DEYOUNKS' Note Instrument in Florida state court foreclosure action is a false, deceptive and misleading representation and means in connection with the collection of an alleged debt in violation of 15 U.S.C. 1692e.

130.   Defendant OLS's filing of the altered copy of DEYOUNKS' Note Instrument in Florida state court foreclosure action constitutes an unfair and unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. 1692f.

*MERSCORP HOLDINGS, INC.*

*also known as*

*MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.*

131.   Defendant MHI falsely represented itself as MORTAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a non-existent entity, with authority to execute an assignment and transfer of DEYOUNKS' Note and security Instruments on behalf of AVENA MORTGAGE, also a non-existent entity, and such conduct constitutes engaging in conduct the natural consequence of which harassed, oppressed and abused DEYOUNKS in connection with the collection of a debt in violation of 15 U.S.C. 1692d.

132.   Defendant MHI falsely represented itself as MORTAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a non-existent entity, with authority to execute an assignment and transfer of DEYOUNKS' Note and security Instruments on behalf of AVENA MORTGAGE, also a non-existent entity, and such representation is a false,

deceptive and misleading representation and means in connection with the collection of an alleged debt in violation of 15 U.S.C. 1692e.

133.   Defendant MHI falsely represented itself as MORTAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a non-existent entity, with authority to execute an assignment and transfer of DEYOUNKS' Note and security Instruments on behalf of AVENA MORTGAGE, also a non-existent entity, and such representation is an unfair and unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. 1692f.

*AVENYA MORTGAGE, AVENYA, INC., and*

*JOSEPH MICHAEL FITZGERALD aka MIKE FITZGERALD*

134.   Defendants AVENYA MORTAGE, AVEYNA INC. falsely represented itself as authorized to execute an allonge, signed by JOSEPH MICHAL FITZGERALD aka MIKE FITZGERALD, in the DEYOUNKS of the purported, but non-existent, original lender AVENA MORTGAGE, as part of DEYOUNKS Note Instrument, and such conduct constitutes engaging in conduct the natural consequence of which harassed, oppressed and abused DEYOUNKS in connection with the collection of a debt in violation of 15 U.S.C. 1692d.

135.   Defendants AVENYA MORTAGE and AVEYNA INC. falsely represented itself as authorized to execute an allonge, signed by JOSEPH MICHAL FITZGERALD aka MIKE FITZGERALD, in the DEYOUNKS of the purported, but non-existent, original lender AVENA MORTGAGE, as part of DEYOUNKS Note Instrument, and such representation is a false, deceptive and misleading representation and means in connection with the collection of an alleged debt in violation of 15 U.S.C. 1692e.

136.   Defendant MHI falsely represented itself as MORTAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a non-existent entity, with authority to execute an assignment and transfer of DEYOUNKS' Note and security Instruments on behalf of AVENA MORTGAGE, also a non-existent entity, and such representation is an unfair

and unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. 1692f.

## CANCELLATION

137. DEYOUNKS is a person interested in the Note Instrument, the security Instrument, so-called "Mortgage," and the Certificate of Title, each a written instrument.

138. The Note and security Instruments are void based upon extrinsic and intrinsic fraud for the reason that the purported Lender AVENA MORTGAGE did not exist at the time of, nor existed at any time after, the creation of DEYOUNKS' Note and security Instruments, and all subsequent activity related to DEYOUNKS' Note and security instruments is fraud.

139. The Certificate of Title based upon the debt collection foreclosure of the obligation represented by the void Note and security Instruments is void based upon extrinsic and intrinsic fraud for the reason that the purported the debt collection foreclosure:

      a. was the result of conduct the natural consequence of which harassed, oppressed and abused DEYOUNKS in connection with the collection of a debt in violation of 15 U.S.C. 1692d;

      b. was a result of false, deceptive and misleading representations and means in connection with the collection of an alleged debt in violation of 15 U.S.C. 1692e; and

      c. was a result of unfair and unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. 1692f.

140. The debt collection foreclosure conducted by debt collectors Defendant DBNTC and Defendant SFG, neither being secured creditors, was in violation of the Discharge Order of the United States Bankruptcy Court, dated March 12, 2012, in Case No. 11-423833,discharging both the alleged debt obligation and DEYOUNKS, from any collection.

141.   As a direct and proximate result of the fraud of Defendants DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE NOVASTAR MORTGAGE FUNDING TRUST, SERIES 2006-5 NOVASTAR HOME EQUITY LOAN ASSET-BACKED CERTIFICATES, SERIES 2006-5, OCWEN LOAN SERVICING, LLC, DUMAS & MCPHAIL, L.L.C., SHAPIRO FISHMAN & GACHÉ LLC, MERSCORP HOLDINGS, INC. also known as MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AVENYA MORTGAGE, AVENYA, INC., JOSEPH MICHAEL FITZGERALD aka MIKE FITZGERALD, and Does 1-10, inclusive, DEYOUNKS has been damaged by the illegal debt collection foreclosure and eviction from DEYOUNKS' property.

142.   Cancellation of the void DEYOUNKS Note and security Instruments and the Certificate of Title created from the void DEYOUNKS Note and security Instruments.

WHEREFORE, Plaintiff DEYOUNKS prays judgment against Defendants DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE NOVASTAR MORTGAGE FUNDING TRUST, SERIES 2006-5 NOVASTAR HOME EQUITY LOAN ASSET-BACKED CERTIFICATES, SERIES 2006-5, OCWEN LOAN SERVICING, LLC, DUMAS & MCPHAIL, L.L.C., SHAPIRO, FISHMAN & GACHÉ LLC, MERSCORP HOLDINGS, INC. also known as MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AVENYA MORTGAGE, AVENYA, INC., JOSEPH MICHAEL FITZGERALD aka MIKE FITZGERALD, and Does 1-10, inclusive, and each of them, as follows:

*Debt Collection Violations*

*DEUTSCHE BANK NATIONAL TRUST COMPANY*
*AS TRUSTEE NOVASTAR MORTGAGE FUNDING TRUST, SERIES 2006-5*
*NOVASTAR HOME EQUITY LOAN ASSET-BACKED CERTIFICATES, SERIES*
*2006-5, OCWEN LOAN SERVICING, LLC, DUMAS & MCPHAIL, L.L.C.,*
*MERSCORP HOLDINGS, INC. also known as MORTGAGE ELECTRONIC*
*REGISTRATION SYSTEMS, INC., AVENYA MORTGAGE, AVENYA, INC., JOSEPH*
*MICHAEL FITZGERALD aka MIKE FITZGERALD,*

*and Does 1-10, inclusive,*

a)      For actual damages sustained as a result of the failure to comply with and violation of 15 U.S.C. 1692d,  in a sum not less than $25,000,000.00.

b)      For actual damages sustained as a result of the failure to comply with and violation of 15 U.S.C. 1692e, in a sum not less than $25,000,000.00.

c)      For actual damages sustained as a result of the failure to comply with and violation of 15 U.S.C. 1692f, in a sum not less than $25,000,000.00.

d)      For violation of the bankruptcy discharge order prohibiting further collection of the discharged alleged debt in a sum not less than $50,000,000.00;

e)      For consequential damages as a result of the illegal foreclosure debt collection resulting in the eviction of DEYOUNKS, in the sum of not less than $250,000.00, plus daily damages at the reasonable rate from the date of eviction, for the rents wrongfully assigned to Defendant DEUTSCHE BANK NATIONAL TRUST COMPANY and Defendant SHAPIRO FISHMAN & GACHÉ LLC, with interest thereon at the rate of 10% percent per annum,

f)      The actions of the Defendants evidenced malicious intent in connection with illegal debt collection of a discharged debt, were knowingly in violation of law, done with the specific intent to injure DEYOUNKS and justify and warrant imposition of punitive damages in the sum of $50,000,000.00.

g)      For costs of suit herein incurred.

h)      For such other and further relief as the court may deem proper

*Cancellation*

i)      That the Certificate of Title, issued upon the illegal collection of a federal bankruptcy discharged debt, be cancelled and declared void.

j)      That Defendant DBNTC delivers the Certificate of Title to the clerk of the court for cancellation.

k)      For compensatory damages, in the event that DBNTC fails to surrender the Certificate of Title Sale for cancellation pursuant to judgment, in the sum of $221,647.89, plus per diem interest of $41.14 thereon from and after the date of

execution of the instrument, December 28, 2012, as compensation and in lieu of cancellation.

l)      The actions of the Defendants evidenced malicious intent in connection with illegal debt collection of a discharged debt, were knowingly in violation of law, done with the specific intent to injure DEYOUNKS and justify and warrant imposition of punitive damages in the sum of $50,000,000.00.

m)      For costs of suit herein incurred.

n)      For such other and further relief as is proper.

///

## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues in this action

### *Verification*

I affirm that the foregoing is the truth of my own knowledge, under penalty of perjury.

DATED: October 31 , 2014

Respectfully submitted,
JOSEPH DEYOUNKS, Plaintiff

By: _____All Rights Reserved

PO Box 9356
Riviera Beach FL 33419
PHONE: 206 424-4557
Plaintiff Pro Se

### *.Notary Jurat*

State of Florida          )
                          )
County of Palm Beach      )

Subscribed and sworn to (or affirmed) before me on this 31st day of October, 2014 by JOSEPH DEYOUNKS, proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

WITNESS my hand and official seal.

_____
Signature of Notary Public                                    (seal)

_____   Angela Justice
Printed JOSEPH DEYOUNKS of Notary Public
My Commission Expires: 6/23/2018
///

ANGELA JUSTICE
MY COMMISSION # FF 134993
EXPIRES: June 23, 2018
Bonded Thru Notary Public Underwriters